UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY GASTON,

    Plaintiff,

vs.

ANTHONY HEDGEPETH, Warden, *et al.*,

    Defendant.

Case No. 1:13-cv-01395-RRB

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AT DOCKET 21**

Plaintiff Anthony Gaston is proceeding *pro se* in this civil action. On May 16, 2014, Defendant E. Morales served and filed a Motion for Summary Judgment at **Docket 21** for failure to exhaust administrative remedies. Plaintiff attached to that Motion a *Rand* warning.[1] The Court supplements that warning as follows.[2]

    1.    Plaintiff is required to file an opposition or a statement of non-opposition to Defendant's Motion for Summary Judgment.[3] The opposition or statement of non-opposition must be filed not more than **21 days** after the date of service of the motion.[4]

---

[1]    *See Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc).

[2]    *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012).

[3]    Local Rule 230(l).

[4]    *Id.*

2.     If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims the Court will grant the Motion for Summary Judgment.[5] If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims.[6] A dismissal for failure to exhaust is without prejudice.[7]

3.     In responding to Defendants' Motion for Summary Judgment for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the Complaint.  Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies.[8]  If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed.

4.     Unsigned declarations will be stricken and declarations not signed under penalty of perjury have no evidentiary value.

**IT IS SO ORDERED** this 19th day of May, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[5]   See *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, __ F3d ___, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc)

[6]   *Jones v. Bock*, 549 U.S. 199, 219-224 (2007).

[7]   *Wyatt*, 315 F.3d at 1120.

[8]   See Fed. R. Civ. P. 43(c); *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam )).