UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>        Plaintiff,<br><br>vs.<br><br>ANTHONY HEDGEPETH, Warden, *et al.*,<br><br>        Defendant. | Case No. 1:13-cv-01395-RRB<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT<br>AT DOCKET 21** |

Plaintiff Anthony Gaston, a state prisoner appearing *pro se*, filed a Complaint under 42 U.S.C. § 1983. At **Docket 21** Defendant E. Morales filed a Motion for Summary Judgment contending Gaston has failed to exhaust his administrative remedies. Gaston has opposed the motion[1] and Morales has replied.[2] Morales has also responded to Gaston's opposition to Morales' statement of facts in support of his motion for summary judgment.[3] The Court being fully advised in the matter, it is submitted for decision on the briefs without oral argument.[4]

---

[1]    Docket 25.

[2]    Docket 28.

[3]    Docket 29.

[4]    *See* L.R. 230(i).

## I.    BACKGROUND

In his Complaint Gaston raised five claims. After screening, the Court permitted Gaston to proceed solely on his Eighth Amendment "excessive force" claim against Defendant Morales. All other claims and defendants were dismissed. In lieu of filing an answer Defendant moved for judgment on the pleadings,[5] which this Court denied without prejudice to moving for summary judgment.[6]  Defendant has so moved.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[7] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[8] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[9] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its

---

[5]      Docket 18.

[6]      Docket 19.

[7]      Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[8]       Fed. R. Civ. P. 56(e).

[9]      *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[10] Material facts are those which may affect the outcome of the case.[11] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[12] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[13] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[14] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[15] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[16] There is no

---

[10]     *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986).

[11]     *Id*.

[12]     *Id*.

[13]     *Id*. at 255.

[14]     *Id.*

[15]     *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[16]     *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[17]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[18] Instead, it generally accepts as true statements made under oath.[19] However, this rule does not apply to conclusory statements unsupported by underlying facts,[20] nor may the court draw unreasonable inferences from the evidence.[21]

## III.   FACTS

As relevant to the pending motion, the underlying facts are well known to the parties and are repeated here only to the extent required to understand the decision of this Court. The following summarizes the events underlying the complaint in chronological order:

---

[17]    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[18]    *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[19]    *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005); *see Williams v. Calderon,* 48 F. Supp. 2d 979, 989 (C.D. Cal. 1998) (noting in the context of a habeas claim "[t]he Court is not to determine issues of credibility on a motion for summary judgment; instead, the truth of each party's affidavits is assumed"), *aff'd sub nom. Williams v. Woodford,* 384 F.3d 567 (9th Cir. 2004).

[20]    *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[21]    *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

January 19, 2010 – While incarcerated at Kern Valley State Prison ("KVSP") the incident giving rise to Gaston's Complaint against Morales occurred.[22]

January 22, 2010 – Gaston was transferred to the California Medical Facility ("CMF").[23]

March 15, 2010 – Gaston was transferred to the Salinas Valley State Prison ("SVSP").[24]

May 13, 2010 – Gaston, submitted a CDCR 602 Inmate/Parolee Appeal Form styled as a "citizen's complaint" raising his excessive force claim. In that document the sole relief Gaston requested was that he be provided the names of each correctional officer involved in the forced extraction.[25]

May 28, 2010 – Gaston's CDCR 602 "citizen's complaint" was screened out as untimely citing 15 CCR 3084.6(c),[26] and advising Gaston that if he "would like to pursue the matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely." The response further stated:

---

[22]   Complaint, Docket 1 at 17–19, ¶¶ 25–33; Declaration of J. Weaver, Docket 21-5, ¶ 8.

[23]   Complaint, Docket 1 at 19, ¶ 35;  Declaration of J. Weaver, Docket 21-5, ¶ 8.

[24]   Complaint, Docket 1 at 19, ¶ 39;  Declaration of J. Weaver, Docket 21-5, ¶ 8.

[25]   Complaint, Docket 1 at 19, ¶ 40 and Exh. 7 (p. 79); Defendant's Statement of Undisputed Facts, Docket 21-2, ¶ 6.

[26]   The Court notes that title 15 of the California Code of Regulations ("CCRs") was amended effective January 28, 2011. All further references to the CCRs in this decision are to those in effect prior to amendment in January 2011.

"[h]owever, due to the nature of the appeal issue it has been referred to the hiring authority for an inquiry into staff misconduct."[27]

July 22, 2010 – Gaston contacted the Warden at KVSP by letter explaining that his appeal should not have been screened out as it was either an emergency exception under 15 CCR § 3084.7(a), or a citizen's complaint under California Penal Code § 832.5.[28]

July 29, 2010 – The KVSP Appeals Coordinator again screened out Gaston's appeal as untimely, reiterating that Gaston needed to provide an explanation for his untimeliness. This rejection also included the notation that it had been referred to the hiring authority for inquiry into the alleged staff misconduct.[29]

August 15, 2010 – Gaston resubmitted his appeal at the Director's Level, reiterating his contention that his appeal was an exception to regular appeals. Gaston provided no explanation as to why he was unable to file his grievance within the fifteen-day window prescribed by the regulations.[30]

---

[27]     Complaint, Docket 1 at 20 ¶ 42, and Exh. 7 (p. 74); Defendant's Statement of Undisputed Facts, Docket 21-2, ¶ 8.

[28]     Complaint, Docket 1 at 20 ¶ 43, and Exh. 7 (p. 75); Defendant's Statement of Undisputed Facts, Docket 21-2, ¶ 9.

[29]     Complaint, Docket 1 at 20 ¶ 44, and Exh. 7 (p. 76); Defendant's Statement of Undisputed Facts, Docket 21-2, ¶ 10.

[30]     Complaint, Docket 1 at 20 ¶ 45, and Exh. 7 (p. 77); Defendant's Statement of Undisputed Facts, Docket 21-2, ¶ 11.

September 23, 2010 – Gaston's appeal was rejected at the Director's Level on the basis that it had not been accepted and complete through the second level of review.[31]

August 27, 2013 – Complaint signed and mailed to the court for filing.

## IV.   APPLICABLE LAW

Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[32] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[33]  "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[34]  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[35]  Although all available remedies must be exhausted, "those remedies need not meet federal standards, nor need they be plain, speedy and effective."[36]  "For prisons . . . that do not instruct prisoners on what precise facts must be alleged in a grievance, a

---

[31]     Complaint, Docket 1 at 20 ¶ 46, and Exh. 7 (p. 78); Defendant's Statement of Undisputed Facts, Docket 21-2, ¶ 12.

[32]     42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[33]     *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[34]     *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[35]     *Id.*

[36]     *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)) (internal quotation marks omitted).

grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[37] However, a prisoner is only required to exhaust *available* remedies.[38] To be available, a remedy must be available "as a practical matter," i.e., capable of use; at hand."[39]

Exhaustion is an affirmative defense to be raised and proven by the defense.[40] Thus, a defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[41] Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective, unobtainable, unduly prolonged, inadequate, or futile.[42] If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice."[43]

California prison regulations provide for three levels of administrative review: (1) first formal appeal with an appeals coordinator, (2) second level review by the institution head, regional parole administrator, or their designee, and (3) third level review with a designated

---

[37]     *Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012) (internal citations and quotation marks omitted).

[38]     *Booth*, 532 U.S. at 736.

[39]     *Albino v. Baca*, 747 F3d 1162, 1171 (9th Cir. 2014) (en banc) (quoting *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir. 2005)), *cert. pending*.

[40]     *Jones*, 549 U.S. at 212–17; *Albino*, 747 F3d at 1166, 1168,

[41]     *Jones, supra*.

[42]     *Id.*

[43]     *Id*.

representative of the director under supervision of the chief, inmate appeals.[44] An inmate

has not exhausted his/her administrative remedies until he/she has sought review at the

third level.[45]

## V.    DISCUSSION

### A.    *Statement of Undisputed Facts*

Before addressing the merits of the motion, the Court will address Defendant's reply

to Gaston's statement of undisputed facts. In his reply Defendant includes a table listing

26 facts he has asserted as undisputed, together with Gaston's response and Defendant's

reply. Of those 26, it appears Gaston does not dispute nine; accordingly, the Court need

not address those.

After reviewing Defendant's statement of undisputed facts and Gaston's objections

thereto, the Court finds Gaston's objections unpersuasive. For the most part Gaston's

responses either do not address the "fact," but the conclusion or inference to be drawn

from the fact, or simply appear to "dispute" the fact without providing any factual basis for

denying the fact.[46] For example, Gaston disputes that he did not explain why he did not or

---

[44]     15 CCR § 3084.7.

[45]     *Ibid*.; *see* 15 CCR § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review.").

[46]     *See Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994) (mere allegations or denials are insufficient to meet an opposing party's burden of establishing a genuine issue of material fact).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AT DOCKET 21.
*Gaston v, Hedgepeth, et al.,* 1:13-cv-01395-RRB – 9

could not timely file his May 13, 2010 CDCR 602.[47] Nothing in the record before this Court, including Gaston's opposition to the motion, supports this "objection." The same problem exists with respect to Gaston's contention that the rejection of his appeal at the second level was improper as untimely.[48]

On the other hand, Gaston's alleges that within approximately two weeks after he was transferred to CMF, because of injuries to his hand and wrist he was unable to write, he requested assistance from the property MTA in preparing a CDCR 602, but was refused.[49] This factual allegation is not refuted. Thus, on the record as it presently stands, the Defendant has not refuted Gaston's implied claim that he was prevented from timely filing his grievance due to circumstances beyond his control. As explained further below, even if Gaston's CDCR 602 were timely filed, he is not entitled to relief.

**B.    *Merits***

Strangely, although he raised facts that might excuse his failure to timely file his grievance, in his opposition he does not argue that his grievance was timely. Instead, Gaston argues that, because he sought relief using a "citizens complaint" under Penal

---

[47]    Docket 29, pp. 3–4, items 8, 9, 10, 11, and 12.

[48]    Docket 29, p. 4, items 13, 14, and 15.

[49]    Docket 29, p. 7, item 22. Contrary to Defendant's contention, this is not merely an allegation or denial, it is a factual statement.

Code § 832.5, the regulations governing the filing of grievances are inapplicable in this case.[50] Gaston's argument falls far wide of the mark.

Gaston's CDCR 602 grievance was not rejected at the Director's Level on the grounds that it was untimely. Instead, it was rejected on the ground that Gaston had bypassed the second level of review. It is the decision at the third-level that this Court reviews. Applicable regulations provide that an appeal may be rejected if the appeal is submitted at the third level prior to lower level review.[51] Consequently, even if his grievance were timely, Gaston has clearly failed to properly exhaust his remedy under the administrative grievance procedure.

Thus, Gaston's complaint survives only if he is entitled to relief under his alternative theory, i.e., Penal Code § 832.5.[52] Gaston has cited no authority that supports his argument that a "citizen's complaint" has any application to this case. Indeed, this Court has previously determined that the filing of a "citizen's complaint" under § 832.5 does not

---

[50] In this context Gaston argues that, instead of the fifteen-day time frame as was then prescribed for prison grievances, the one-year limitation period for "citizen's complaints" applies.

[51] 15 CCR § 3084.6(b)(15) ("The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level review.")

[52] Entitled "Citizen's complaints against personnel; investigation; retention and maintenance of records; removal of complaints; access to records," § 832.5 provides a comprehensive procedure for investigating complaints by members of the public against peace and custodial officers. *See, e.g., Chaker v. Crogan*, 428 F.3d 1215, 1222 (9th Cir. 2005) (describing the function of § 832.5); *cf. Brown v. Valoff*, 422 F.3d 926, 938–39 (9th Cir. 2005) (discussing the operation of § 832.5 and its interrelationship with the grievance procedure).

serve as a proper exhaustion of his administrative remedies. As has been noted, because the California Department of Corrections and Rehabilitation has established an administrative grievance system, a prisoner may not use a citizen's complaint to exhaust administrative remedies when it is not part of that prescribed grievance process.[53]

Furthermore, as construed by the California Courts, the purpose of § 832.5 is to assess the qualifications of peace or correctional officers for continued employment or disciplinary actions.[54] Nothing in § 823.5 indicates that, standing alone, it is the proper procedural vehicle for granting relief in any form to the complaining party. Penal Code § 832.7(e) provides:

> (e)(1) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

---

[53]     *See House v. Walker*, No. CIV-S-06-0331 DFL DAD P, 2007 WL 201161 at *5 (E.D. Cal. January 24, 2007) ("The filing of a citizen's complaint under California Penal Code § 832.5 does not serve the same purpose as the PLRA's exhaustion requirement and does not satisfy the requirement of exhausting available administrative remedies."); *McCoy v. Schirmer,* No. S05–0165 DFL DAD P, 2006 WL 845630, at *3 (E.D. Cal. March 30, 2006) ("The filing of a citizen's complaint under California Penal Code § 832.5 does not serve the same purpose and in any event cannot constitute exhaustion of available administrative remedies for California state prisoners since state law provides an inmate appeal system specifically for prisoners."); *see also Evans v. Woodford,* No. 1:06–cv–01250 ALA (P), 2008 WL 5114653, at *2 (E.D. Cal. Dec.4, 2008) ("[A] section 3391 citizen's complaint may not be used by a prisoner to comport with controlling law that requires proper exhaustion: as defined here by the CDCR.") (Alarcón, Circuit Judge, sitting by designation).

[54]     *See, e.g., County of Riverside v. Superior Court* (*Madrigral*), 42 P.3d 1034, 1038 (Cal. 2002).  This Court's exhaustive research did not uncover any California decision in which the court used a report under § 823.5 for any purpose other than as evidence in a case involving officer misconduct.

(2) The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.

When viewed together, Penal Code §§ 832.5 and 823.7(e) make clear that § 832.5 does not provide a procedural mechanism for obtaining relief by a prisoner for injuries resulting from the alleged misconduct of a correctional officer. It is nothing more than an investigative procedure related to employment decisions by the employing agency, e.g., disciplinary or promotion, not adjudicative of the rights between the officer and the complaining party.

## VI.    ORDER

It is clear from the record that Gaston failed to properly exhaust his administrative remedies under California law.  Accordingly, Defendant's Motion for Summary Judgment at **Docket 21** is **GRANTED**. The Complaint on file is hereby **DISMISSED** in its entirety, without prejudice. The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED** this 18th day of August, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE